IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 19-cr-00487-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEFFREY ROBERT HERMANSEN,

    Defendant.

___

**ORDER**
___

This matter is before the Court on defendant's Motion for Compassionate Release to Halfway House [Docket No. 53]. The government opposes the motion. Docket No. 55.

On May 15, 2020, defendant Jeffrey Hermansen pled guilty to one count of possession of stolen mail in violation of 18 U.S.C. § 1708. *See* Docket No. 39; Docket No. 40 at 1. On August 13, 2020, the Court sentenced defendant to 27 months imprisonment to be followed by three years of supervised release. *See* Docket No. 46 at 1. Defendant is a prisoner at FCI Florence scheduled for release on November 10, 2021. Docket No. 52 at 1.[1]

Defendant filed a pro se motion for compassionate release. *See* Docket No. 53. Defendant asks the Court to permit him to spend the final six months of his incarceration in a residential reentry center ("RRC"). *Id.* at 1. Defendant states that he

---

[1] Neither defendant's motion nor the government's response state defendant's projected release date, but the Court takes judicial notice of its prior order stating that defendant's release date is November 10, 2021. Docket No. 52 at 1.

is not being considered for RRC for his final six months of incarceration due to "Special Condition Number 3." *Id.* The Court interprets this to be a reference to the third special condition of defendant's supervision, which requires him to reside in an RRC for six months, "to commence upon release from confinement or upon the first available vacancy at an RRC . . . ." Docket No. 47 at 5. Defendant previously filed a motion to amend the conditions of his supervision to remove this condition, *see* Docket No. 49, which the Court denied. *See* Docket No. 52. Defendant argues that the Bureau of Prisons ("BOP") is misinterpreting his condition to require him to start his residence at an RRC after he has completed his full sentence, rather than before the completion of his sentence. Docket No. 53 at 2. Defendant argues that compassionate release to begin his residence at an RRC before the completion of his full sentence is warranted based on the "ongoing pandemic and prolong[ed] and continuous Covid symptoms that [are] affecting [his] PTSD and [his] mental health." *Id.* at 1.

Under § 3582(c)(1)(A)(i), known as the "compassionate release" provision, "a district court may grant a sentence reduction if, after considering the 18 U.S.C. § 3553(a) sentencing factors, it finds that 'extraordinary and compelling reasons warrant such a reduction' and the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (unpublished) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). A district court may grant a sentence reduction upon motion of the defendant only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A).  That requirement is satisfied here.  Defendant made a request to the warden on March 1, 2021, which was denied.  *See* Docket Nos. 55-1, 55-3.  Accordingly, he has exhausted his administrative remedies.[2]

There are three prerequisites to granting compassionate release.  First, a district court must determine whether there are extraordinary and compelling reasons to warrant a sentence reduction.  *See United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)).  Second, a district court must determine whether the reduction is consistent with "applicable" policy statements issued by the Sentencing Commission.  *Id.*  Third, a district court should consider whether any reduction authorized by steps one and two is warranted under the § 3553(a) factors.  *Id.*  A court need not address all of the steps if one of them demonstrates that a defendant is not entitled to compassionate release.  *Id.*

Although the Sentencing Commission has identified four categories of extraordinary and compelling reasons that may warrant a sentence reduction, *see* U.S.S.G. § 1B1.13, cmt. n.1, this policy statement is not "applicable" under the First Step Act when a motion is brought by a defendant.  *See McGee*, 992 F.3d at 1050.  Rather, it is within the Court's discretion to determine whether extraordinary and compelling reasons justify compassionate release.  *See id.* (reasoning that, because the

---

[2] The government both concedes that the Court has jurisdiction to consider defendant's motion and argues that the Court should deny it for failure to exhaust administrative remedies.  Docket No. 55 a 6-7.  A defendant may proceed in court either by fully appealing a denial or by waiting thirty days after the warden receives a request.  *See, e.g., United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) ("Prisoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them.").  Therefore, to the extend the government argues that the Court should deny the motion for failure to exhaust, the Court rejects this argument.

guidelines are not "applicable" they "cannot constrain district courts' discretion" (citation omitted)). However, a court may conclude that the application notes to U.S.S.G. §1B1.13 "still provide[] the best definition and description of 'extraordinary and compelling reasons.'" *United States v. Carr*, – F. App'x –, 2021 WL 1400705, at *4 (10th Cir. Apr. 14, 2021) (unpublished).

"The existence of the COVID-19 pandemic no doubt can be described as extraordinary insofar as it is beyond what is usual, customary, regular, or common." *United States v. Gonzalez*, 467 F. Supp. 3d 1075, 1079 (D. Colo. 2020) (citations, alterations, and quotations omitted). "However, because the apposite test is stated in the conjunctive, the dangers presented by the pandemic – which impact us all, worldwide – also must be 'compelling' in [the movant's] particular circumstances." *Id.*; *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison cannot independently justify compassionate release."). Defendant argues that his prolonged and continuous COVID-19 symptoms, which are affecting his PTSD[3] and mental health, represent extraordinary and compelling reasons to justify compassionate release. *See* Docket No. 53 at 1. While medical conditions may, in the appropriate case, represent extraordinary and compelling reasons warranting compassionate release, the Court finds that defendant has not demonstrated them here.

Neither defendant nor the government discuss defendant's COVID-19 vaccination status. *See generally* Docket Nos. 53, 55. However, the Court presumes that defendant has contracted COVID-19 at some point because he complains that he is

---

[3] The Court construes this to be an abbreviation of post-traumatic stress disorder.

suffering prolonged symptoms from COVID-19 and that these symptoms are impacting his mental health.  *See* Docket No. 53 at 1.  Defendant argues that he will be able to get substance abuse and mental health treatment if he is released to an RRC.  *Id.*  However, defendant does not indicate that these treatments are unavailable to him at FCI Florence.  Additionally, defendant does not attach any medical records to his motion that would allow the Court to determine their severity of his symptoms.  Without any documentation of his medical status, the Court declines to find that these conditions represent extraordinary and compelling circumstances.  *See Gonzalez*, 467 F. Supp. at 1080 ("[T]he fact that Mr. Gonzalez's claims are unsupported by evidence regarding the severity of his heart murmur prevents the Court from finding that this medical condition constitutes an extraordinary or compelling circumstance warranting early release.");[4] *United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (finding that inmate did not establish grounds for compassionate release where the inmate had "failed . . . to provide the Court any medical records (particularly recent ones) to establish how immunocompromised he may now be").

Because defendant presents no medical records with his motion and the Court has previously declined to eliminate defendant's condition of supervised release requiring him to reside at an RRC for six months following his incarceration, he fails to demonstrate extraordinary and compelling reasons justifying release based on the

---

[4] The Court recognizes that this case evaluated whether the defendant presented extraordinary and compelling circumstances under U.S.S.G. § 1B1.13, cmt. n.1, *see Gonzalez*, 467 F. Supp. at 1077-79, which the Tenth Circuit subsequently held was not "applicable" under the First Step Act when a motion is brought by a defendant.  *See McGee*, 992 F.3d at 1050.  However, a court may conclude that the application notes to U.S.S.G. §1B1.13 "still provide[] the best definition and description of 'extraordinary and compelling reasons[,]'" *Carr*, 2021 WL 1400705, at *4, and the Court agrees with the reasoning in *Gonzalez* regarding the lack of documentation of medical conditions.

COVID-19 pandemic. Accordingly, Mr. Hermansen's motion will be denied. *See McGee*, 992 F.3d at 1043 ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites . . . is lacking and do not need to address the others." (citation and quotations omitted)).

For the foregoing reasons, it is

**ORDERED** defendant's Motion for Compassionate Release to Halfway House [Docket No. 53] is **DENIED**.

DATED July 26, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge